**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5449-18T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RAKEEM WILLIAMS, a/k/a
RAKEEM SMITH, RASHEEM
SMITH, RAHEEM WILLIAMS,
RAKEEM K. WILLIAMS,
RAKEEM R. WILLIAMS,
RASHAMOND WILLIAMS,
RASHAMAND WILLIAMS,
RASHON WILLIAMS, and
RASKEEN WILLIAMS,

    Defendant-Appellant.

_____

Submitted September 30, 2020 – Decided October 9, 2020

Before Judges Haas and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 13-02-0284.

Joseph E. Krakora, Public Defender, attorney for appellant (Abby P. Schwartz, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Frank J. Ducoat, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Rakeem Williams appeals from a May 10, 2019 Law Division order denying his petition for post-conviction relief ("PCR") following an evidentiary hearing. Defendant claims his former plea counsel was ineffective because he conducted an inadequate investigation and improperly recommended defendant enter a guilty plea to aggravated manslaughter. Defendant specifically maintains that his plea counsel failed to interview witnesses and retain a ballistics expert that would have supported his claim that he acted in self-defense. We affirm.

After the police investigated a shooting in Newark that resulted in the death of the victim, defendant was arrested, indicted and charged with first-degree murder, N.J.S.A. 2C:11-3(a)(1)(2); second-degree possession of a firearm without a permit, N.J.S.A. 2C:39-5(b); and second-degree possession of a weapon for unlawful purposes, N.J.S.A. 2C:39-4(a). Defendant pled guilty to an amended charge of first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a), and was sentenced in accordance with his negotiated plea agreement to a

2

A-5449-18T4

fifteen-year custodial sentence with an eighty-five percent period of parole ineligibility pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2. The court also assessed applicable fines and penalties and dismissed the weapons offenses. We denied defendant's appeal, which was limited to the sentence imposed. State v. Williams, A-0032-14 (App. Div. Dec. 4, 2014).

Defendant filed a timely pro se PCR petition which appointed PCR counsel supplemented with a brief and certifications of defendant and his cousin Victoria Sykes who attested to defendant's self-defense claim. Defendant also submitted the affidavit of Christopher Castelluzzo who stated that he was questioned by a detective regarding the murder and advised the police that he "did not see any murder nor did [he] know [defendant]." He stated that despite his lack of knowledge, the police asked him to inculpate defendant because an "overzealous detective had a murder on his desk and was doing anything in his power to get anyone [to] point out [defendant]."

Judge Michael A. Petrolle granted defendant's request for an evidentiary hearing which he conducted on May 10, 2019. Defendant's plea counsel testified as did Victoria Sykes. The judge also reviewed the certifications submitted, as well as the transcripts from the grand jury, plea and sentencing proceedings. In his oral and written opinion issued the same day, Judge Petrolle concluded that

3

defendant failed to satisfy either prong of the two-part test for ineffective assistance of counsel detailed in Strickland v. Washington, 466 U.S. 688 (1984), and adopted by the New Jersey Supreme Court in State v. Fritz, 105 N.J. 42 (1987).[1]

With respect to prong one, Judge Petrolle rejected defendant's assertion that his plea counsel was ineffective for advising him to plead guilty to aggravated manslaughter. The court concluded that based on the statements of the various witnesses and other proofs against defendant, plea counsel did "better than a reasonable job in representing the defendant."

Judge Petrolle specifically credited defendant's plea counsel's testimony that he discussed the case with defendant, including the viability of a self-defense claim. Judge Petrolle also found that plea counsel reviewed with defendant all witness statements provided in discovery and discussed the risk of a lengthy custodial sentence for the murder and weapons offenses.

---

[1] Under the Sixth Amendment of the United States Constitution, persons accused of crimes are guaranteed the effective assistance of legal counsel in their defense. Strickland, 466 U.S. at 686. To establish a deprivation of that right, a defendant must demonstrate that: 1) counsel's performance was deficient; and 2) the deficient performance actually prejudiced the accused's defense. Id. at 687; see also State v. Fritz, 105 N.J. at 58 (1987).

A-5449-18T4

Judge Petrolle rejected the testimony of Victoria Sykes who stated that the victim possessed a gun and shot at defendant first. The judge characterized her testimony as "doubtful" considering her continued relationship with defendant and the fact that her testimony at the PCR hearing contradicted an earlier statement she provided to the police immediately after the shooting, as well as the statements of other witnesses. Judge Petrolle also relied on defendant's statements at the plea and sentencing hearings where he admitted he shot the victim and apologized to the victim's family.

The court found defendant's claim that his plea counsel "failed to investigate eyewitnesses to see if they were influenced to change their statements" unsupported by the record. Judge Petrolle noted that defendant "provide[d] no identification of any witness whom he contends his trial counsel should have, and failed to, investigate [and] whether he or she was influenced to change his or her statement." Judge Petrolle further reasoned that defendant failed to "offer any affidavit or certification or other competent evidence of the substance or reasonable basis for a claim of such influence that . . . his trial counsel failed to investigate." Finally, the judge concluded the affidavit of Christopher Castelluzzo failed to offer "any evidence . . . material to [the application's] outcome."

The judge also rejected defendant's claim that plea counsel was ineffective for failing to retain a ballistics expert. According to defendant, such an expert would have established that "[s]oot around the entry wound show[ed] that [he] was at a distance so [any of his] residue could not have got on the victim." Judge Petrolle correctly reasoned that defendant was not competent to offer such an opinion and he failed to support his PCR petition with an opinion of an expert or provide other competent evidence to support the claim.[2]

As to prong two, Judge Petrolle explained in his oral decision that there was nothing in plea counsel's conduct "or its result that [was] in any way unduly prejudicial to the defendant." The judge also noted that defendant voluntarily entered an informed plea after consulting with counsel.

---

[2] Defendant's supplemental certification before the PCR court contained a number of other ineffectiveness claims that Judge Petrolle rejected. Specifically, Judge Petrolle denied defendant's assertions that his plea counsel was ineffective because he failed to: 1) challenge the identification procedure employed by the police as contrary to Attorney General guidelines; and 2) file a motion to dismiss the indictment because the evidence presented was unreliable and the prosecutor failed to present exculpatory evidence. As defendant did not raise these issues appropriately in his merits brief, we ordinarily would consider them waived. See Nieder v. Royal Idem. Ins. Co., 62 N.J. 229, 234 (1973). For purposes of completeness, however, we have nevertheless considered these claims on the merits and agree with Judge Petrolle that they too fail to satisfy the two-part Strickland test.

A-5449-18T4

On appeal, defendant argues:

> COUNSEL FOR DEFENDANT WAS INEFFECTIVE AS HE FAILED TO INVESTIGATE ANY ASPECT OF THE CASE CAUSING DEFENDANT TO ENTER A PLEA OF GUILTY TO [FIFTEEN] YEARS IN PRISON SUBJECT TO THE NO EARLY RELEASE ACT WHICH DENIED DEFENDANT DUE PROCESS AND A FAIR TRIAL.
>
> A. INTRODUCTION
>
> B. INEFFECTIVE ASSISTANCE OF COUNSEL
>
> C. COUNSEL NEVER FULLY CONSIDERED A DEFENSE OF SELF-DEFENSE
>
> D. TRIAL COUNSEL'S FAIL[ED] TO INVESTIGATE THE FACTS OF THE CASE
>
> E. COUNSEL FAILED TO CONSULT WITH A BALLISTICS EXPERT
>
> F. THE CUMULATIVE ERROR REQUIRES A REMAND AND NEW PROCEEDINGS

Our review of a PCR claim after a court has held an evidentiary hearing "is necessarily deferential to [the] PCR court's factual findings based on its review of live witness testimony." State v. Nash, 212 N.J. 518, 540 (2013); see also State v. O'Donnell, 435 N.J. Super. 351, 373 (App. Div. 2014) ("If a court has conducted an evidentiary hearing on a petition for PCR, we necessarily defer to the trial court's factual findings."). Where an evidentiary hearing has been

held, we should not disturb "the PCR court's findings that are supported by sufficient credible evidence in the record." State v. Pierre, 223 N.J. 560, 576 (2015) (citations omitted). We review any legal conclusions of the trial court de novo. Nash, 212 N.J. at 540–41; State v. Harris, 181 N.J. 391, 419 (2004).

Against this standard of review, we find no merit to the contentions raised by defendant and affirm substantially for the reasons expressed by Judge Petrolle in his thorough oral and written opinions. We offer only the following brief comments.

Where, as in this case, a defendant claims that his or her trial attorney "inadequately investigated his or her case, [he] must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). "[B]ald assertions" of deficient performance are insufficient to support a PCR application. Ibid., see also State v. Porter, 216 N.J. 343, 356-57 (2013) (reaffirming these principles in evaluating which of a defendant's various PCR claims warranted an evidentiary hearing). In other words, a defendant must identify what the investigation would have revealed and demonstrate the way the evidence probably would have changed the result. Fritz, 105 N.J. at 64-65.

The credible proofs from the evidentiary hearing supported the court's factual findings and legal conclusions that plea counsel appropriately investigated the charges and provided accurate advice. Plea counsel reviewed all the relevant discovery, including witness statements and the grand jury proceedings, and discussed the charges and applicable defenses with defendant. In addition, plea counsel filed a successful Miranda[3] motion which resulted in the State reducing its plea offer from twenty-five years for the first-degree murder offense to fifteen-years for the amended aggravated manslaughter charge.

Plea counsel also considered the merits of a self-defense claim and determined it would have been a "gamble to go to trial." Plea counsel based this evaluation on the inculpatory evidence that established: 1) none of the contemporaneous witness statements stated that the victim shot at defendant, 2) a gun allegedly possessed by the victim was never found at the scene, and 3) one of the bullets that struck the victim had a rear entry point.

As Judge Petrolle correctly noted, defendant failed to identify any additional witness that plea counsel should have interviewed. Finally, the court found the recanted testimony of Victoria Sykes lacked credibility and the issues

---

[3] Miranda v. Arizona, 384 U.S. 436 (1966).

raised in the Christopher Castelluzzo affidavit were irrelevant and inconsequential to defendant's petition. The record amply supports those findings. We also agree with Judge Petrolle that the record failed to support defendant's claim that plea counsel was ineffective for failing to retain a ballistics expert.

Moreover, "[i]n the PCR context, to obtain relief from a conviction following a plea, 'a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.'" State v. O'Donnell, 435 N.J. Super. 351, 371, 89 A.3d 193 (App. Div. 2014) (quoting Padilla v. Kentucky, 559 U.S. 356, 372 (2010)). Under the circumstances and based on the information available to plea counsel regarding the strength of the self-defense claim, it would not have been rational for defendant to reject the plea bargain under the circumstances. Independent of any exposure on the weapons offenses, defendant faced a thirty-year sentence if found guilty of murder. As plea counsel testified, there was no corroborating evidence that the victim had a gun or that otherwise reasonably supported a self-defense claim.

In sum, we agree with Judge Petrolle that defendant failed to satisfy either the performance or prejudice prong of the Strickland test. To the extent we have not addressed any of defendant's arguments it is because we conclude they are

10

without sufficient merit to warrant discussion in written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11

A-5449-18T4